ALEXANDER F. SCHAACK AND WILLIAM T. EARLEY, PLAINTIFFS-RESPONDENTS, v. J. A. HOLMES CONSTRUCTION COMPANY ET AL., DEFENDANT-APPELLANT.

Submitted October 16, 1931—Decided February 5, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Howard Mackay.*

For the respondents, *John G. Selser.*

PER CURIAM.

This is an appeal from a judgment for the plaintiffs severally for personal injuries arising out of a collision between defendant's truck, moving northward on Johnson avenue in Dumont, Bergen county, and a Ford car owned and driven by plaintiff Earley, in which plaintiff Schaack was riding as a passenger but helping Earley by acting as lookout at the street crossing. The Ford, an old car, was wrecked and forced over to the northwest corner. The truck after the accident was on the east side of Johnson avenue a few feet beyond the corner. There was the usual contradictory testimony as to the speed of each vehicle.

There are nine grounds of appeal, but the fourth to the

seventh, inclusive, and the ninth, point to no judicial action claimed to be erroneous. The eighth, refusal to charge certain requests, is ineffective as within the ruling in *State* v. *Blaine,* 104 *N. J. L.* 325, and numerous later cases. The third is refusal to nonsuit as to plaintiff Schaack at the close of the plaintiff's case. No motion to nonsuit Schaack was made at that point. The court was asked at the conclusion of the case to direct a verdict against Schaack, but its refusal so to do is not assigned for error. The only remaining grounds are the first and second, viz., refusal to nonsuit and to direct a verdict as to Earley.

The motion to nonsuit Earley was predicated on contributory negligence alone; that to direct, on absence of defendant's negligence as well.

Whatever might be said of weight of evidence on a rule to show cause, that question is not before us now. As to negligence of the truck driver, a high rate of speed was inferable from the testimony, and he himself testified that he had seen the plaintiffs approaching on the road to his left, but that "there was ample time to pass them if they had not been going at the rate of speed they were going;" and that he kept on. An inference of negligence was deducible from this and other testimony.

As to contributory negligence, there was testimony that when plaintiffs approached the intersection, Earley shifted to low gear and continued to the corner; that at twenty to thirty feet from the corner Schaack, the witness, could see about sixty feet down Johnson avenue; that they "continued to the corner, and when I looked, the windows were open on my right, of the door, and I looked down to my right and I saw nothing."

It may be assumed that any negligence of Schaack as a lookout was imputable to Earley, who had asked him to act in that capacity. Granting this, the question remains whether the evidence demonstrated as a court question that either had been shown guilty of contributory negligence. We incline to agree with the trial judge that the matter was for the jury. It follows therefore that the judgment will be affirmed.